

ORDERED in the Southern District of Florida on September 19, 2012.

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                          CASE NO. 12-18255-AJC

GAIL A. THOMPSON,                               CHAPTER 13
SSN xxx-xx-1791,

    Debtor.
_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN OF REAL PROPERTY

THIS CASE came to be heard on September 18, 2012 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 35), "the Motion." Based upon the debtor's assertions made in support of the motion, having considered the record in this case and being advised in the premises, it is

**ORDERED:**

A.  The value of the debtor's real property ("Real Property") located at 12755 N.W. 13 Avenue, North Miami, FL 33167, more particularly described as:

LOT 10, BLOCK 1, BREEZY HEIGHTS, According to the
Plat Thereof, as recorded in Plat Book 51
At Page 4 of the Public Records of Miami-Dade County, Florida

is $69,119.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of ___ Bank of New York Mellon f/k/a The Bank of New York As Trustee for the CertificateHolders of the CWABS, Inc. Asset-Backed Certicates Series 2005-17 (the "Lender") is $122,393.70.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ 0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ 0.00 .

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on March 26, 2007 at OR BOOK  25479 Page 47164 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4. (Select only one):

    ___ Lender has not filed a proof of claim in this case. The trustee shall

not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

__X__ Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $46,438.41, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

Samuel S. Sorota, Esq.
801 NE 167 Street - Suite 308
North Miami Beach, Florida 33162
Phone: (305)652-7777
Email: Ssorota@bellsouth.net

Attorney _Samuel S. Sorota_ is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.